IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-02154-CNS

RAHUL SINGH,

    Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility;
TODD LYONS, Acting Director of United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security;
TODD BLANCHE, Acting Attorney General of the United States, acting in their official capacities,

    Respondents.

---

**ORDER**

---

Before the Court is Petitioner Rahul Singh's Petition for Writ of Habeas Corpus (28 U.S.C. § 2243), ECF No. 1, and Motion for Temporary Restraining Order and Preliminary Injunction and Notice of Motion, ECF No. 2. Respondents filed a response to both. ECF No. 9. As the briefing demonstrates that Petitioner's challenge to Respondents' authority under § 1225(b)(2) is legal in nature, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and as outlined below, the Court GRANTS the petition and ORDERS Respondents to immediately release Petitioner from immigration detention. In doing so, the Court presumes familiarity with the parties' briefing. *See* ECF Nos. 1, 2, 9.

1

## I.    LEGAL STANDARD

District courts may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## II.    BACKGROUND

The factual background of this case is similar to many cases recently considered by the Court. Petitioner, a citizen of India who entered the United States in March 2023, ECF No. 1 ¶¶ 57, 58, states that after entering the country, he was initially detained by U.S. Customs and Border Protection (CBP) and served with a Notice to Appear in removal proceedings before being subsequently released by CBP on his own recognizance pursuant to Section 1226(a)(B)(2), *id.* ¶¶ 59, 61, 64. Since then, Petitioner has filed an application for asylum, obtained employment authorization, and began working in the United States. *Id.* ¶¶ 65, 66. Petitioner states that while in the United States, he "has never been arrested or missed any appointments with Immigration Customs Enforcement, or any other agency, and has complied with all terms of his conditional parole," *id.* ¶ 73, and that he was "not deemed to be a danger to the community or a flight risk," *id.* ¶ 71—contentions that Respondents do not attempt to dispute in their response.

Nevertheless, on April 25, 2026, while driving a construction truck as part of his employment and "despite the apparent absence of any criminal conduct or pending charges," Petitioner was stopped by highway patrol and arrested after disclosing his immigration status. *Id.* ¶¶ 68, 69. Law enforcement then contacted Immigration and

Customs Enforcement (ICE) who detained Petitioner. *Id.* ¶¶ 69, 73. Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* ¶ 7.

### III.    ANALYSIS

The legal question before the Court is not novel. As framed by Respondents, "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by U.S. Immigration and Customs Enforcement (ICE) under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." ECF No. 9 at 2. Indeed, Petitioner challenges his detention under 28 U.S.C. § 2241, *id.* ¶ 12, and requests that the Court "order his immediate release from custody as his arrest and current detention violate the Constitution and applicable statutes." ECF No. 1 ¶ 1. Petitioner additionally requests that the Court "order and declare that any future detention or arrest can only occur pursuant to the requirements of 8 U.S.C. [§] 1226(a) and the Constitution of the United States." *Id.*

In response, Respondents argue that Petitioner's requested relief should be denied because he is properly detained under § 1225(b)(2)(A) as an "applicant for admission" to the United States. ECF No. 9 at 2–3. The arguments raised here echo nearly identical arguments rejected by courts across the country and in this judicial district, including this Court, on numerous occasions.[1] However, Respondents' brief

---

[1] *Compare* ECF Nos. 1, 2, 9 *and e.g.*, *Alonso v. Baltasar*, No. 1:26-cv-01365-CNS, 2026 WL 1194783 (D. Colo. May 1, 2026); *Singh v. Baltazar,* 819 F.Supp.3d 1247 (D. Colo. 2026); *Arenas v. Noem*, No. 1:26-cv-00024-SBP, 2026 WL 317562 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Concha-Gonzales v. Noem*, No. 1:26-cv-00001-CNS, 2026 WL 194178 (D. Colo. Jan. 26, 2026); *Alfaro Herrera v. Baltazar*, No. 1:25-cv-04014-CNS, 2026 WL 91470, at *1 (D. Colo. Jan. 13, 2026); *Rico v. Baltazar*, No. 1:25-cv-03943-CNS, 2025 WL 3640366 (D. Colo. Dec.

response also concedes that Petitioner's case "is not materially different from an issue this Court has resolved in prior rulings in similar cases." ECF No. 9 at 2 (citing *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025). Respondents further acknowledge that "this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at 4.

Respondents are correct that their familiar arguments, presented once again in this case, have not convinced the Court to deviate from its prior determination that § 1225(b)(2)(A)'s mandatory detention requirement does not apply to noncitizens like Petitioner who have been present in the United States for over two years and have no qualifying criminal convictions. *See, e.g.*, *Hernandez*, 2025 WL 2996643, at *4 ("[T]he plain text and structure of § 1225 and § 1226 support a determination that § 1225(b)(2)(A)'s provision for mandatory detention does not apply to someone like

16, 2025); *Valera v. Baltazar*, No. 1:25-CV-03744-CNS, 2025 WL 3496174 (D. Colo. Dec. 5, 2025); *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D. Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

[Petitioner], who has been residing the United States for more than two years.") (quotations and citations omitted). However, unlike in *Hernandez*, the Court is not persuaded that ordering a § 1226 bond hearing is the appropriate remedy here given the particular facts of Petitioner's case.

At bottom, Petitioner argues that because he has been living in the United States for over two years after being previously released on his own recognizance, and because no changed circumstance exists to justify his detention, he should be immediately released from immigration detention pursuant to § 1226(a). *See, e.g.*, ECF No. 1 ¶¶ 31–32, 57–74; *see also* ECF No. 2-2 at 15–19 (Ex. 4) (order releasing Petitioner on his own recognizance). In the years following his release, Petitioner represents that he "has never been arrested or missed any appointments with [ICE], or any other agency, and has complied with all terms of his conditional parole." ECF No. 1 ¶ 73. Petitioner further states that since his release, he has obtained "employment authorization . . . and started working" and "has no criminal record." *Id.* ¶¶ 5, 66. As Respondents raise no dispute to these contentions, the Court agrees with Petitioner.

Respondents argue that immediate release is inappropriate because an immigration judge, rather than the district court, is better positioned to determine whether a noncitizen is a flight risk or danger to the community. *See* ECF No. 9 at 4–5, n.3. But an immigration official already made that determination when Petitioner was released on his own recognizance. As the Court has previously found, when a noncitizen is released on his own recognition pursuant to section 236 of the Immigration and Nationality Act (INA), as Petitioner was here, *see* ECF No. 2-2 at 15–19, "immigration officials have

already determined that Petitioner is neither a flight risk nor a danger to the community." *Singh*, 819 F. Supp. 3d at 1251; *see also Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *5–6 (S.D. Ind. Oct. 30, 2025) ("Under § 1225, the government's options were limited to removal or detention pending review by an asylum officer. The fact that the government's release of [petitioner], on his own recognizance, was based on § 1226 is ***strong evidence*** that he currently remains subject to § 1226, rather than § 1225.") (citing *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025) (emphasis added)). Given that Respondents already determined that it was proper to release Petitioner on his own recognizance in 2023 and do not offer any explanation for why it is now proper to hold him in mandatory detention (beyond the recent reinterpretation of §§ 1225, 1226), the Court sees no reason to prolong Petitioner's detention. *See Singh*, 2025 WL 3029524, at *6 (Since the "Government has affirmatively decided to treat' [Petitioner] 'as being detained under Section 1226(a) . . . it cannot now . . . change its position to claim that he is detained under Section 1225(b).") (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025)).

Accordingly, consistent with the foregoing, the Court grants Petitioner's request for immediate release. *See, e.g.*, *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025) (ordering noncitizen's immediate release where Respondents have already determined that the noncitizen is neither a flight risk nor a danger to the community). Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address his remaining arguments at this time. *See Loa*

6

*Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) (declining to rule on petitioner's remaining claims after granting petitioner all relief sought under § 1226(a)); *Guerrero Orellana v. Moniz,* 802 F. Supp. 3d 297, 304–05 (D. Mass. 2025) (declining to address petitioner's due process and APA arguments after finding in petitioner's favor on statutory claim).

## IV.    CONCLUSION

Consistent with the foregoing analysis and pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), IT IS HEREBY ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus (28 U.S.C. § 2241), ECF No. 1, is GRANTED;

2. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction and Notice of Motion, ECF No. 2, is DENIED AS MOOT;

3. Respondents SHALL RELEASE Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose any additional conditions of release or supervision not previously imposed by immigration officials in connection with Petitioner's 2023 order of release on recognizance;

4. Respondents shall file a status report within TWO DAYS of this order to certify compliance; and

5. Respondents are further ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the

community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED this 2nd day of June 2026.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge